JAMES R. EVANS (State Bar No. 119712)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:  213-576-1100
E-mails:    james.evans@alston.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.,
a Delaware corporation
(erroneously sued as HOME DEPOT)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANINE RANDALL, individually, and as successor in interest to SONIA HUEY<br><br>    Plaintiff,<br><br>  v.<br><br>HOME DEPOT,<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1446**<br><br>[Filed concurrently with Declaration of James R. Evans, Jr.; Civil Cover Sheet; Corporate Disclosure Statement; Certificate of Service] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JEANNE RANDALL AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, Defendant Home Depot U.S.A., Inc., a Delaware corporation ("Defendant") hereby removes to this Court the action entitled *Jeanine Randall, individually and as successor in interest to Sonia Huey v. Home Depot*, originally filed in the Superior Court of the State of California, County of Placer and assigned Case No. S-CV09948713 (the "State Court Action").

## I.   BACKGROUND

1.   On or about January 27, 2023, Plaintiff Jeanine Randall ("Randall" or "Plaintiff") commenced the State Court Action. In the State Court Action, Plaintiff asserts six causes of action as a successor-in-interest to her mother, Sonia Huey ("Huey") including: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in Interactive Process; (4) Failure to Prevent Discrimination; (5) Adverse Employment Action in Violation of Public Policy; (6) Premises Liability. In the State Court Action, Plaintiff also asserts *on her own behalf* three additional claims for (7) Wrongful Death; (8) Negligence Resulting in Pain, Suffering and Physical Injury; and (9) Negligent Infliction of Emotional Distress ("NIED"). (Declaration of James R. Evans "Evans Decl."), Ex. A.) In the State Court Action, Plaintiff seeks compensatory damages, general damages for emotional distress and mental anguish, exemplary and punitive damages, injunctive relief regarding policies and practices affecting accommodation, prejudgment interest, and attorney's fees. (*Id*., Ex. A, Prayer for Relief.) Defendant denies each and every allegation asserted by Plaintiff in the State Court Action.

## II.   TIMELINESS OF REMOVAL

2.   The time for filing a removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated

by the initial pleading is not removable, after receipt of any "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint.").

3. This Notice is timely because it is filed within thirty (30) days of service of the Summons and Complaint which were served on Defendant on February 10, 2023. (Evans Decl. ¶ 4, Ex. B.) Under 28 U.S.C. § 1446(b) and Rule 6(a)(1) of the Federal Rules of Civil Procedure, Defendant's deadline to remove the State Court Action is March 13, 2023.

4. The fictitiously named defendants identified in the State Court Action as DOES 1 through 50 have not been named by their true and correct names and, therefore, have not been served with the Summons and Complaint. As such, the fictitiously named defendants need not consent to this Notice. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

### III. THIS COURT HAS JURISDICTION

5. Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

6. The amount in controversy here exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks damages for the allegedly wrongful death of her mother, Sonia Huey. As the "successor-in-interest" to Ms. Huey, Plaintiff also seeks damages for disability discrimination allegedly suffered by Ms. Huey, damages for numerous alleged violations of California's The Fair Employment and Housing Act, negligence resulting in pain, suffering and physical injuries, and negligent infliction of emotional distress. It is facially apparent from the Complaint in the State Court Action that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. *See Singer*

*v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). The wrongful death cause of action alone is sufficient to establish the amount in controversy requirement. *See Kammerdiener v. Ford Motor Co.*, No. ED CV-09-2180 PSG (VBKX), 2010 U.S. Dist. LEXIS 23522, at *6 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint."); *Corbelle v. Sanyo Elec. Trading Co.*, No., 2003 U.S. Dist. LEXIS 20339, at *12 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $ 75,000.")

7. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must…be domiciled in the state"). Residence is *prima facie* evidence of domicile. *See Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "[i]n the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed").

8. Here, Plaintiff alleges that she is a resident of Placer County, California. (Evans Decl., Ex. A, ¶ 20.) Plaintiff's intent to remain domiciled in California is further evidenced by the fact that she brought this lawsuit against Defendant in the Superior Court of the State of California, County of Placer. Accordingly, Plaintiff is a citizen of

California.

9. Defendant is not, and was not at the time of the filing of the State Court Action, a citizen of California. Defendant is a Delaware corporation organized under Delaware law. (Evans Decl. ¶ 6, Ex. C.) Defendant has its principal place of business in Atlanta, Georgia, where its high-level officers direct, control and coordinate its activities on a day-to-day basis from its corporate office. (*Id.*) *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2020) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.") Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since the State Court Action commenced, a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

10. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and become relevant only if and when plaintiff seeks leave to substitute a named defendant"). Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal. Thus, "DOES 1 through 50" in the Complaint do not deprive this Court of jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).

11. This case is removable to the United States District Court pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship jurisdiction.

### IV. VENUE IS PROPER IN THIS COURT

12. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the State Court Action is pending. The Superior Court for the State of California, County of Placer is within the Eastern District of California. 28 U.S.C. § 84(a). Therefore, venue is proper in this Court because it is the

district and division embracing the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

## V. DEFENDANT HAS SATISFIED ALL PROCEDURAL REQUIREMENTS

13. No previous Notice of Removal has been filed by Defendant or any other party to the State Court Action.

14. Under 28 U.S.C. § 1446(a), this Notice is accompanied by the Declaration of James R. Evans, counsel to Defendant. Exhibit A to the Evans Declaration constitutes a copy of all processes, pleadings, and orders provided to Defendant in the State Court Action.

15. As required by 28 U.S.C. § 1446(d), Defendant will provide Notice of Removal to Plaintiff through her attorneys of record.

16. As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court for the State of California, County of Placer.

## VI. CONCLUSION

17. For the foregoing reasons, Defendant removes this action to the United States District Court for the Eastern District of California.

Dated: March 13, 2023

JAMES R. EVANS, JR.
**ALSTON & BIRD LLP**

By: */s/ James R. Evans*
James R. Evans

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I caused a copy of **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** to be served upon counsel in the manner described below.

Participants in the case who are registered CM/ECF users will be served by the Eastern District CM/ECF system. In addition, the following counsel will be served in the manner described below:

Via U.S. First Class Mail:

| | |
|---|---|
| V. James Simone, Esq.<br>Carmen D. Sabater, Esq.<br>V. JAMES DESIMONE LAW<br>13160 Mindanao Way, Suite 280<br>Marina Del Rey, CA 90292 | Counsel for Plaintiff<br>JEANINE RANDALL, successor in interest for SONIA HUEY<br><br>Telephone:  (310) 693-5561<br>Facsimile:   (310) 544-6880<br><br>E-Mail:  vjamesdesimone@gmail.com<br>              Cds820@gmail.com |

/s/ James R. Evans
James R. Evans
Attorney for Defendant
HOME DEPOT U.S.A., INC.